IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE L. KNOX, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   Case No. CIV-19-212-HE |
| | ) |
| JOSEPH ALLBAUGH, et. al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Antone L. Knox (Plaintiff), a prisoner in the custody of the Oklahoma Department of Corrections (DOC) custody and housed at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.  *See* Doc. 1.[1]  He appears pro se.[2]

Plaintiff names the following Defendants, each in their individual and official capacities: DOC Director Joe Allbaugh; OSP Deputy Warden Natalie Cooper; OSP Chaplain Charles Allen; and OSP Warden Mike Carpenter.  *See id.* at 1-3.

---

[1]     Citations to a court document are to its electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

[2]     The court construes Plaintiff's pro se filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 7. Following mandatory screening of Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.     Plaintiff's claims.

Plaintiff generally maintains Defendant Allbaugh, as DOC, director is responsible for DOC policy that allegedly infringes Plaintiff's religious dietary rights at OSP; that Defendant OSP Deputy Warden Cooper is liable for restrictions bearing on Plaintiff's personal and legal mail at OSP; that Defendant OSP Chaplain Allen has interfered with Plaintiff's chosen religious diet and engaged in retaliation; and that Defendant OSP Warden Carpenter, as supervisor, has failed to remedy these alleged violations. *See* Doc. 1, at 1-2.

## II.    Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Moreover, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (unpublished order).

### III.  Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(1), (2).

#### A.  Venue is proper in the Western District of Oklahoma.

Here, Plaintiff identifies Defendant Allbaugh as "a citizen of Okla City, Oklahoma." Doc. 1, at 1. He also identifies Defendant Allbaugh as the "Okla. Dept. of. Corr. Director." *Id.* at 1. "Venue for actions filed by any prisoner of any state prison . . . in which . . . the [DOC] . . . or any officer or employee that has multicounty responsibilities is named as a party shall be in the county of

3

the official residence of the [DOC]." Okla. Stat. tit. 57, § 566.4(G)(1). And, Oklahoma County is "the county of the official residence of the Department of Corrections . . . ." *State ex rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973).

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Oklahoma County is in the Western District. *See id.* § 116(c). So, venue is proper in this court. *See id.* § 1391(b)(1).

### B.     Venue is also proper in the Eastern District of Oklahoma.

Venue also lies in the Eastern District of Oklahoma. OSP is located in McAlester, Oklahoma, *see* Doc. 1, at 1, and Plaintiff identifies Defendants Cooper, Allen, and Crawford as "citizen[s] of McAlester, Oklahoma." *Id.* at 2-3. Likewise, "[a] substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2).

McAlester, Oklahoma is in Pittsburg County, Oklahoma,[3] and Pittsburg County is in the Eastern District of Oklahoma. *See id.* § 116(b). So, venue is also proper in that court. *See id.* § 1391(b)(2).

---

[3]     The undersigned judicially notices the location of McAlester. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for

    **C.    Transfer to the Eastern District of Oklahoma is in the interest of justice.**

Although Plaintiff elected to file his action in the Western District of Oklahoma, Plaintiff and three of the four Defendants are located in the Eastern District of Oklahoma, as is OSP. Documents and witnesses are necessarily more accessible there. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* § 1404(a). The connection to Plaintiff's action is decidedly greater in the Eastern District of Oklahoma. And, as venue is proper in that district, Plaintiff's action "might have been brought" there. *Id.* The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *Id.*

**IV.    Recommendation and notice of right to object.**

The undersigned recommends the transfer of this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 27,

---

the obvious reason that geographic locations are facts which are not generally controversial . . . .").

2019, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 6th day of March, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE