# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ANTONE L. KNOX, )
                     )
           Plaintiff, )
                     )
vs.                      )       NO. CIV-19-0212-HE
                     )
JOSEPH ALBAUGH, *et al.*, )
                     )
           Defendants. )

## ORDER

Plaintiff Antone L. Knox, a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell. Pursuant to 28 U.S.C. § 1915A(a), Judge Mitchell reviewed the complaint and issued a Report and Recommendation recommending that this action be transferred to the Eastern District of Oklahoma "[f]or the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Plaintiff has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

As the Report notes, plaintiff is housed at the Oklahoma State Penitentiary ["OSP"] in McAlester, Oklahoma. Plaintiff and three of the four defendants, as well as many potential witnesses and other evidence, are located in the Eastern District of Oklahoma, making that court both a proper venue and a considerably more convenient one for most of the participants in the case.

Plaintiff's objection to the Report is on the basis that he cannot get a fair hearing in the Eastern District. That assertion is apparently based on his extensive litigating history in that district, which appears to include twenty or so cases over the past several years as a *pro se* plaintiff or petitioner.[1] He contends that transfer would not be in the interest of justice "due to the extreme prejudices, bias, racial profiling & discriminatory conduct [] that goes on by the district & magistrate judges & clerks [] of that court against [him] as an African/slave prisoner & other African/slave prisoners within the D.O.C. custody." Doc. # 10, p. 2. He argues that "not once have that court['s] judges ruled in [his or other prisoner's] favor." *Id.*

Prior lack of success does not, without more, establish a valid basis for avoiding transfer, as "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); *see also* Lammle v. Ball Aerospace & Techs. Corp., 589 Fed. Appx. 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings...are insufficient grounds for recusal."). Here, plaintiff offers nothing more than disagreement with the prior decisions of that court as a basis for avoiding transfer.

As plaintiff has not suggested any persuasive basis for avoiding the Report's conclusions, the Report and Recommendation is **ADOPTED**. For the convenience of the

---

[1] See *U.S. District Court for the Eastern District of Oklahoma case numbers: CIV-05-0318, CIV-08-0195, CIV-09-0274, CIV-10-0044, CIV-10-0147, CIV-11-0296, CIV-12-0040, CIV-12-0176, CIV-12-0187, CIV-12-0240, CIV-12-0255, CIV-12-0309, CIV-15-0353,CIV-16-0421, CIV-16-0491, CIV-17-0004, CIV-18-0279, CIV-18-0287, CIV-19-0050, CIV-19-0052, and CIV-19-0096.*

parties and witnesses and in the interest of justice, this action is **TRANSFERRED** to the

United States District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED**.

Dated this 2nd day of April, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE