## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTONE LAMANDINGO KNOX,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 19-107-RAW-SPS |
| | ) |
| **JOSEPH ALLBAUGH, et al.,** | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

Plaintiff Antone Lamandingo Knox filed this civil rights action complaining that the defendants were liable for infringement on his religious dietary rights, restrictions on his personal and legal mail, and acts of retaliation. (Dkt. 1). He was denied leave to proceed *in forma pauperis,* because he had accumulated at least three "prior occasions" or "strikes" under 28 U.S.C. § 1915(g) and had failed to show he was in imminent danger of serious personal injury. (Dkt. 14). The Court directed him to pay the required $350.00 filing fee and the $50.00 administrative fee to proceed with this action. *Id.* He has failed to comply with the Court's Order.

Instead, Plaintiff submitted a response to the order denying *in forma pauperis* status, claiming he is in imminent danger of serious physical harm with respect to his First Amendment retaliation and freedom of religion claims, as well as his R.L.U.I.P.A. claim. (Dkt. 18). He asserts that at the time this lawsuit was filed, and afterward, he was set up by "Respondent's staff's" [sic], and his cellmate stabbed and cut him with a knife on December 28, 30, and 31, 2018. *Id.* On December 31, 2018, he allegedly was illegally taken to H-Unit Supermax, where he remained. *Id*. at 1-2. These allegations, however, were not included in his complaint which was filed on March 4, 2019, more than two months after the alleged incidents. The remainder of Plaintiff's response consists of a rambling collection of unsupported allegations, including statements about a disciplinary hearing, his dietary practices, and his access to typing paper and envelopes, which add nothing to his

argument that he is in imminent danger of serious physical harm.

As the Court set forth in its earlier Order:

> There is only one exception to the prepayment requirement in § 1915(g), *Kinnell v. Graves*, 265 F.3d 1125, 1127-28, and it applies to a prisoner who "is under imminent danger of serious physical injury[,]" § 1915(g). To meet that exception, appellant was required to make "specific, credible allegations of imminent danger of serious physical harm[.]" *Kinnell*, 265 F.3d at 1127-28 (quotations omitted). . . . [T]he statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint. . . .

*Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (other citations omitted).

Here, the Court again finds Plaintiff has not made the requisite showing, and he has failed to pay the filing and administrative fees as previously directed.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE in its entirety for Plaintiff's failure to pay the entire filing and administrative fees as directed by the Court.

**IT IS SO ORDERED** this 6th day of July 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma